SIGNED THIS: October 30, 2017

_____
**Mary P. Gorman**
**United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In Re            )
                 )  Case No. 17-70784
PAUL W. DAVIS and )
REBECCA L. DAVIS, )
                 )  Chapter 13
     Debtors.    )

## O P I N I O N

The Debtors' Chapter 13 plan ("Plan") is before the Court for confirmation. The Chapter 13 Trustee ("Trustee") has objected to confirmation, arguing that the Debtors should not be allowed to deduct postpetition 401(k)[1] contributions in calculating their disposable income because no such

---

[1] The parties use the term "401(k)" to describe the contributions Mr. Davis is making to a retirement plan. In doing so, they are actually referencing 26 U.S.C. §401(k), a section of the Internal Revenue Code that provides for qualified pension and retirement plans.

contributions were made during the six months before this case was filed. The Trustee also asserts that the reduction in the Debtors' disposable income caused by the postpetition 401(k) contribution does not qualify as a permissible change in circumstances for purposes of determining projected disposable income. For the reasons set forth below, the Trustee's objection to confirmation of the Plan based on the 401(k) contribution issue will be overruled. Nevertheless, because other issues prevent it, confirmation of the Plan will be denied, and the Debtors will be given time to file an amended plan.

### I. Factual and Procedural Background

Paul W. Davis and Rebecca L. Davis ("Debtors") filed their Chapter 13 petition on May 10, 2017. At the same time, they filed Official Form 122C-1 – Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period ("CMI Form"). The calculations on the CMI Form show that the Debtors have above-median income. Accordingly, the Debtors also filed Official Form 122C-2 – Chapter 13 Calculation of Your Disposable Income. In calculating their disposable income, the Debtors deducted $200 for Mr. Davis' monthly contribution to a qualified retirement plan through his employer. The Debtors' calculations on Official Form 122C-2 result in $205.15 in monthly disposable income being available to pay unsecured creditors through their Plan. On their Schedule A/B: Property, the Debtors disclosed a 401(k) retirement fund in the amount of $56,021 belonging to Mr. Davis. On their

Schedule I: Your Income, the Debtors listed a monthly 401(k) contribution of $199.33.

The Debtors' Plan proposes to make sixty monthly payments of $1375 to the Trustee. From the sums received, the Plan directs the Trustee to pay his own fees and commissions, the Debtors' attorney fees, and two secured auto loans. Any amounts remaining after the payment of those specified obligations are to be distributed to the unsecured creditors on a pro rata basis.[2]

The Trustee objected to confirmation of the Plan, as well as the Debtors' CMI Form. According to the Trustee, Mr. Davis' monthly income was understated on both the CMI Form and Schedule I. The Trustee asserts that the correct monthly income for Mr. Davis to be used in the disposable income calculation is $2938.66 rather than the $2880.51 shown on the CMI Form or the $2626.69 listed on Schedule I. In their response to the Trustee's objections, the Debtors concede this issue, agreeing that Mr. Davis' monthly income for the purpose of calculating disposable income is $2938.66.

The Trustee also objected to confirmation of the Plan because he says that Mr. Davis' monthly 401(k) contribution is not an allowable deduction in the disposable income calculation and, therefore, the amount proposed to be paid to unsecured creditors under the Plan does not include all of the Debtors' projected disposable income. Specifically, the Trustee argues that the

---

[2] The local model Chapter 13 plan form requires debtors to state the amount of their disposable income. In their Plan, the Debtors listed $1375 as their monthly disposable income, even though their Official Form 122C-2 calculation shows $205.15. The difference between their Schedule I income and Schedule J expenses is $1375, but the scheduled expenses do not include the two secured auto loan payments proposed to be paid through their Plan. For above-median income debtors, disposable income is not determined by netting Schedules I and J. The amount shown in the Plan as monthly disposable income should be the amount required to be committed to the payment of unsecured creditors—not the total amount of monthly Plan payments committed to pay all creditors.

deduction of postpetition 401(k) contributions should not be allowed because Mr. Davis was not making 401(k) contributions at the time of filing and had not made any such contributions during the six-month period immediately preceding the petition date. In the alternative, the Trustee asserts that the 401(k) contributions do not qualify as a permissible change in circumstances for projected disposable income purposes. The Debtors disagree, claiming that there is statutory authority to support the deduction of contributions to qualified retirement plans when calculating disposable income. Both parties have briefed the issue and the matter is now ready for decision.

## II.  Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred by the District Court to the bankruptcy judges. CDIL–LR 4.1; 28 U.S.C. §157(a). Disputes regarding plan confirmation are core proceedings. 28 U.S.C. §157(b)(2)(L). Issues relating to plan confirmation also stem from the bankruptcy itself and arise specifically under the provisions of the Code and therefore may be constitutionally decided by a bankruptcy judge. *Stern v. Marshall*, 564 U.S. 462, 499 (2011).

## III.  Legal Analysis

The Trustee objects to confirmation of the Plan because the Debtors seek to deduct Mr. Davis' postpetition 401(k) contributions in calculating their

disposable income. Although the Trustee concedes that the deduction would be allowable if the Debtors had been making the contributions during the six months before the case filing, he objects to the contributions because they began after the petition date.

If a trustee objects to plan confirmation, a court may not approve the plan unless "the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. §1325(b)(1)(B). "Disposable income" is the "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended for . . . the maintenance or support of the debtor or a dependent of the debtor . . . that first becomes payable after the date the petition is filed[.]" 11 U.S.C. §1325(b)(2)(A)(i). The current monthly income of a debtor is calculated by averaging the debtor's monthly income over the six-month period immediately preceding the filing of the petition. 11 U.S.C. §§101(10A), 1325(b)(2); *Hamilton v. Lanning*, 560 U.S. 505, 510 (2010). Above-median income debtors must determine "[a]mounts reasonably necessary to be expended" in accordance with specific statutory allowances, including some IRS standards and some actual expenses. 11 U.S.C. §§707(b)(2)(A)-(B), 1325(b)(3); *In re Carlton*, 362 B.R. 402, 406 (Bankr. C.D. Ill. 2007). Once the deductions for expenses are taken, the remaining amount is the debtor's "disposable income." A debtor's "projected disposable income" is then determined by incorporating "changes in the debtor's income or expenses that are known or virtually certain at the time of

confirmation." *Lanning,* 560 U.S. at 524; *see also In re Moore,* 482 B.R. 248, 255 (Bankr. C.D. Ill. 2012).

In considering whether contributions to a 401(k) plan may be deducted as an allowable expense in a disposable income calculation, reference must be made to the statutory provisions that expressly address such contributions. Contributions made by debtors to qualified benefit plans are not included in the definition of property of the bankruptcy estate; to the contrary, such contributions are expressly excluded. 11 U.S.C. §541(b)(7). In Chapter 13 cases, the definition of property of the estate is extended to include property "of the kind specified in" §541 that is acquired after the commencement of the case. 11 U.S.C. §1306(a)(1). And, although postpetition earnings are also included in the property of a Chapter 13 estate, that inclusion makes no mention of specifically bringing into the estate contributions to retirement plans that would otherwise be excluded from becoming property of the estate under §541. 11 U.S.C. §1306(a)(2). Most importantly, the hanging paragraphs at the end of §541(b)(7)(A) and (B) provide that "such amount under this subparagraph shall not constitute disposable income, as defined in section 1325(b)(2)[.]" 11 U.S.C. §541(b)(7).

The majority of courts interpreting this legislative framework have found that postpetition 401(k) contributions are fully deductible in calculating a debtor's disposable income. *See, e.g., In re Johnson,* 346 B.R. 256, 262-63 (Bankr. S.D. Ga. 2006). Those courts interpret §541(b)(7) as excluding both prepetition and postpetition 401(k) contributions from disposable income

regardless of whether a debtor was making such contributions prior to filing. *In re Cantu*, 553 B.R. 565, 575-77 (Bankr. E.D. Va. 2016); *In re Vanlandingham*, 516 B.R. 628, 636 (Bankr. D. Kan. 2014) ("There is no reason to protect postpetition 401(k) loan repayments, but not postpetition 401(k) contributions in chapter 13."); *In re Hall*, 2013 WL 6234613, at *7-9 (Bankr. N.D. Ill. Oct. 22, 2013) (finding that "both prepetition and postpetition voluntary 401(k) contributions are excluded from disposable income, even if the debtor begins or increases those contributions after the commencement of the bankruptcy case"). Such contributions, however, must be within permissible and legal limits and must be made in good faith. *Johnson*, 346 B.R. at 263; *see also In re Drapeau*, 485 B.R. 29, 38-39 (Bankr. D. Mass. 2013). Cases that allow a deduction for postpetition 401(k) contributions recognize the congressional intent to protect and encourage retirement savings. *Vanlandingham*, 516 B.R. at 636.

As the Trustee points out in his brief, a few courts take a more limited view of the permissibility of deducting 401(k) contributions. Some courts have held that all voluntary retirement contributions are included in disposable income without regard to whether the contributions were made prepetition because Chapter 13 does not explicitly permit such deductions. *In re Prigge*, 441 B.R. 667, 677 (Bankr. D. Mont. 2010); *see also In re McCullers*, 451 B.R. 498, 504 (Bankr. N.D. Cal. 2011). And several other courts only permit postpetition deductions if contributions were being made at the time of filing and would not allow any increase in a debtor's contributions during the

-7-

pendency of the Chapter 13 case. *In re Seafort*, 437 B.R. 204, 209-10 (B.A.P. 6th Cir. 2010), *aff'd*, 669 F.3d 662 (6th Cir. 2012); *see also In re Noll*, 2010 WL 5336916, at *2 (Bankr. E.D. Wis. Dec. 21, 2010) ("If the Debtors had been making voluntary contributions pre-petition, they would be allowed to continue those contributions, but they cannot convert loan repayments into voluntary contributions and satisfy the Code's projected disposable income test.").

Here, Mr. Davis had obviously contributed to his 401(k) account for some period of time as evidenced by the disclosure of over $56,000 in the account when this case was filed. He admittedly stopped contributing at some point and then recommenced the contributions when this case was filed. Had he not stopped his contributions, the Trustee admittedly would not be objecting to the ongoing contributions. Likewise, this Court presumes that if Mr. Davis had a history of contributing to his 401(k) plan but had been laid off for six months and then rehired right after this case was filed, the Trustee would not object to the contributions restarting.

The Trustee asks this Court to draw a line here because, apparently, Mr. Davis had voluntarily stopped his 401(k) contributions for some period of time and only elected to recommence the contributions after filing. In making his request, the Trustee suggests this Court adopt the holding of the Sixth Circuit Bankruptcy Appellate Panel ("BAP") in *Seafort* that debtors may deduct postpetition 401(k) contributions from disposable income only to the extent such contributions were being made at the time of the case filing. *Seafort*, 437 B.R. at 209-10. *Seafort* involved two separate bankruptcy cases in which the

debtors were repaying 401(k) loans and proposed to continue the same payroll deductions as 401(k) contributions after their respective loans were repaid. *Id.* at 206. The BAP, however, held that the 401(k) contributions proposed to be made postpetition should not be deductible because the contributions were not being made at the time the cases were filed. *Id.* at 210-12.

On appeal, the Sixth Circuit Court of Appeals ("Sixth Circuit") affirmed the ultimate holding of the BAP by not permitting the postpetition 401(k) contribution deductions. *In re Seafort*, 669 F.3d 662, 674 (6th Cir. 2012). But, in coming to its conclusion, the court relied on the statutory interpretation of §§541(b)(7), 1306(a), and 1325(a) as set forth in *Prigge*. *Id.* at 673-74 ("Congress intended to exclude from disposable income and projected disposable income available for unsecured creditors only voluntary retirement contributions already in existence at the time the petition was filed."). In other words, the Sixth Circuit interpreted the statutory language as protecting only contributions already made and, most likely, exempt under other provisions of the Code or state law. Although the specific question was not before the court, the Sixth Circuit briefly stated, in dicta, its opposition to the BAP's conclusion that postpetition contributions to a voluntary retirement fund could be excluded from disposable income if a debtor were making such contributions at the time of filing. *Id.* at 674 n.7. Regardless of the positions of either the Sixth Circuit or the BAP, the majority weight of authority, including relevant statutory and case law, compels the allowance of postpetition 401(k) contributions.

Case 17-70784    Doc 38    Filed 10/30/17    Entered 10/30/17 10:12:43    Desc Main
                            Document      Page 10 of 12

Section 1306 adopts all of §541 for purposes of identifying property of the estate, including §541(b). *Drapeau*, 485 B.R. at 36. As §541(b)(7) provides for the exclusion of contributions to voluntary retirement plans from property of the estate, there was no need for Congress to provide for further, specific exclusionary language in §1306. *Id.*; *Hall*, 2013 WL 6234613, at *6 ("To repeat in Chapter 13 the statement already made in Chapter 5 that 401(k) contributions shall not constitute disposable income would be merely surplusage."). Ultimately, the interplay between §541 and §1306 compels a finding that 401(k) contributions made postpetition, regardless of when the contributions are initiated, are deductible from disposable income. This conclusion is fully consistent with the congressional policy of protecting and encouraging retirement savings. *In re Mati*, 390 B.R. 11, 17 (D. Mass. 2008).

As a final argument, the Trustee asserts that because the 401(k) contributions were not being made by Mr. Davis before filing, the Debtors must meet the standards set forth in *Lanning* to allow the expense deduction. *Lanning*, 560 U.S. at 524. But that standard is simply that changes in income or expenses occurring after filing that are to be considered in a disposable income calculation must be "known or virtually certain at the time of confirmation." *Id. Lanning's* holding is not limited to involuntary changes and does not prohibit voluntary changes in income and expenses that are otherwise allowed by the relevant statutory provisions governing disposable income calculations. "Excluding known or ascertainable employee retirement contributions . . . from disposable income is entirely consistent with *Lanning*'s

Case 17-70784 Doc 38 Filed 10/30/17 Entered 10/30/17 10:12:43 Desc Main
Document Page 11 of 12

reasoning even when the debtor first commences 401(k) withholding postpetition[.]" *Vanlandingham*, 516 B.R. at 637.

This Court adopts the majority positon set forth in *Johnson* and *Hall*. *Johnson*, 346 B.R. at 261-63; *Hall*, 2013 WL 6234613, at *7-9; *see also RESFL Five, LLC v. Ulysse*, 2017 WL 4348897, at *7 (S.D. Fla. Sept. 29, 2017). To do otherwise would be to ignore the clear statutory language excluding such contributions from disposable income. 11 U.S.C. §541(b)(7).

The Trustee says that even if this Court allows Mr. Davis to deduct his 401(k) contributions, the contributions must be limited to 4% of Mr. Davis' pay. The Trustee says that Mr. Davis' paystub dated May 26, 2017, shows gross income of $1532.47 and a 401(k) deduction of $61.30. Accordingly, the Trustee says that Mr. Davis should not be allowed to deduct the $200 claimed on the CMI Form as that amount exceeds what is actually being deducted. This objection raises a factual dispute that cannot be decided on the record presented. The Debtors will be required to file an amended plan to address the agreed change in the amount of Mr. Davis' income to be used in the disposable income calculation. In the meantime, the Debtors should provide additional paystubs to the Trustee to establish what is actually being deducted. If the projected amount of $200 per month is incorrect, the correct amount, as evidenced by the paystubs, can be worked into the amended plan calculations.

To be clear, good faith is a required element of any plan confirmation. Here, however, the Trustee has not alleged that the Debtors are not acting in good faith in proposing their Plan. The simple fact that taking an expense

deduction results in less money being available to pay unsecured creditors is not evidence of the lack of good faith. "Only where there has been a showing of serious debtor misconduct or abuse should a chapter 13 plan be found lacking in good faith." *In re Smith*, 848 F.2d 813, 821 (7th Cir. 1988).

## IV.    Conclusion

Postpetition 401(k) contributions are allowable deductions in calculating disposable income for Chapter 13 plan purposes. This is true even when those contributions begin at the commencement of the case. Such contributions are subject to the good faith requirement for plan confirmation, but, in the absence of any allegation or proof of bad faith, such contributions should be allowed. The Trustee's objection to confirmation based on the Debtors' deduction for Mr. Davis' 401(k) contribution will be overruled. Because the Debtors must file an amended plan to address other issues, they will be given time to do so.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###